UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA MARIA A/K/A MARIA ACOSTA

                         Case No.: 1:16-cv-08623-VSB

               Plaintiff,

    -against-

PRESSLER AND PRESSLER, LLP;
SELIP & STYLIANOU, LLP f/k/a COHEN & SLAMOWITZ, LLP;
CYPRESS FINANCIAL RECOVERIES, LLC;
CAPITAL PROCESS SERVERS, INC; and
NASSER ATRASH

              Defendants.
------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 3/24/2017 |

[~~JOINT PROPOSED~~]
CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1. All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Some parties have engaged in very preliminary settlement discussions.

3. This case <u>is</u> to be tried to a jury.

4. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than March 31, 2017. [*Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).*]

7. All fact discovery is to be completed no later than September 20, 2017.  [*A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

      Plaintiff suggests 180 days from initial conference as it appear additional defendants will be added after an initial round of discovery.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may

be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by <u>4/30/2017</u>
    b. Interrogatories shall be served by <u>August 11, 2017, 40 prior to the close of discovery.</u>
    c. Depositions shall be completed by by the close of discovery.
        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.
        ii. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.
        iii. Absent an agreement between the parties or an order from the Court, nonparty depositions shall follow initial party depositions.

        <u>Defendants seek to maintain the above requirement.</u>

        <u>Plaintiff suggests that there be no prohibition to non-party depositions before those of parties as it appears Plaintiff may need to take non-party depositions in order to amend. Also, plaintiff does not wish to have his discovery delayed if Defendants delay taking the deposition of Plaintiff.</u>

    d. Requests for admissions shall be served no later than <u>August 11, 2017, 40 prior to the close of discovery.</u>

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be for Plaintiff to be completed by 30 days after the completion of fact discovery, October 20, 2017, and for Defendants for any rebuttal experts 60 days after the close of fact discovery, November 20, 2017.   [***The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.***]

10. All discovery shall be completed no later than <u>November 20, 2017</u>.

11. The Court will conduct a post-discovery conference on <u> November 29, 2017 </u> at <u> 10:00a.m. </u>. [***To be completed by the Court.***] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

    a. If either party contemplates filing a dispositive motion, the post-discovery conference will function as a pre-motion conference required by Rule 4.A of the Court's Individual Rules and Practices. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pretrial conference at which a trial date will be set; in anticipation of the pretrial conference, the parties shall file a joint status update letter of no more than three pages. The parties shall file the pre-motion letters or the joint status update letter by

__November 22, 2017__ . [*To be completed by the Court.*]

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery , or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:
    a. <u>Defendants suggest a referral to the magistrate. Plaintiff does not agree at this time</u> Referral to a Magistrate Judge for settlement discussions.
    b. _____ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).*]
    c. _____ Retention of a private mediator.
The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is
<u>2 – 4 days.</u>

SO ORDERED:

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK   3/24/2017
**UNITED STATES DISTRICT JUDGE**