# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX:  (877) 496-7809

June 6, 2017

VIA ECF
Hon. Vernon S. Broderick
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

>  Re:   Plaintiff's request for Local Rule 37.2 conference for Plaintiff's proposed motion to amend.
>  *Maria v. Pressler and Pressler LLP, et al.*, Case No: 1:16-cv-08623-VSB

Dear Judge Broderick:

The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and NY General Business Law § 349 case. Plaintiff requests a pre-motion conference to amend her complaint. A proposed amended complaint is attached as Exhibit A.[1]

### *Plaintiff's original complaint*

Plaintiff filed her original complaint on November 5, 2016, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., N.Y. Gen. Bus. Law § 349 *et seq*., and N.Y. Jud. § 487. Defendants are debt collection law firms Pressler and Pressler, LLP ("Pressler") and Selip & Stylianou, LLP, f/k/a Cohen & Slamowitz, LLP ("S&S"); a putative assignee creditor Cypress Financial Recoveries, LLC ("Cypress"); a process serving company Capital Process Servers, Inc. ("CPS"); and an individual process server Nasser Atrash. Plaintiff seeks to add putative assignee creditors New Century Financial Services, Inc. ("New Century"), LVNV Funding, LLC ("LVNV"), and LVNV's debt collection servicer Resurgent Capital Services, LP as additional Defendants.

Plaintiff's original complaint alleges that Cypress, through its attorney S&S, filed an action in state court to recover a putative debt alleged to be owed by Plaintiff. In 2013, Cypress, through S&S, obtained a default judgment against Ms. Maria using a false affidavit of service. The affidavit of service was executed by Defendant Atrash on behalf of CPS and caused to be filed by S&S.

---

[1] Due to the number and size of the exhibits to Plaintiff's proposed first amended complaint, Plaintiff is attaching the proposed complaint without the exhibits.

Ms. Maria first learned of the judgment in May, 2015 when she viewed a copy of her credit report. Ms. Maria promptly moved to vacate the judgment by order to show cause ("OSC") on May 20, 2015. As directed by the Court, Ms. Maria provided written notice to Cohen & Slamowitz (now Selip & Stylianou), the attorney of record for Cypress in the collection case. At the hearing on the OSC on June 3, 2015, the Court set the matter down for a traverse hearing. At the traverse hearing on June 10, 2015, the Court ordered the judgment vacated and the action discontinued.

Ms. Maria thought the matter was resolved, but shortly after the judgment was vacated and the case was dismissed, Defendant Pressler began attempting to collect on the vacated judgment. Pressler sent letters and an information subpoena to Ms. Maria, falsely claiming to be collecting on a valid judgment. Pressler's actions caused Ms. Maria to experience severe anxiety and emotional distress.

*Additional facts revealed during discovery*

Through discovery, Plaintiff has learned that the putative debt was transferred from Cypress to prospective Defendant New Century at some point in 2014 or 2015. It is unclear exactly when the transfer took place because the bill of sale produced by Pressler, the attorney for New Century, is dated January 29, 2015 but was apparently signed and notarized in 2014. Moreover, New Century produced a different bill of sale, dated September 1, 2015. It is therefore unclear who owned the debt when the judgment was vacated on June 10, 2015.

In addition to sending the letters and information subpoena, Plaintiff has confirmed that Pressler also sent information subpoenas with bank restraints to financial institutions, and an execution to the NYS Comptroller's Office of Unclaimed Funds, all in an effort to execute on the vacated and fraudulently obtained judgment. On or about January 8, 2016, Pressler, through NY Marshal Gregg Bienstock, extracted $160.08 of Ms. Maria's unclaimed funds from the Comptroller. Pressler knew, or should have known, that the judgment had been vacated and that Pressler therefore had no legal right to the funds. After the filing of this lawsuit, Marshal Bienstock sent Ms. Maria a check for $23 as a refund for the Marshal's poundage. As of the filing of this letter, Pressler has not returned the remaining $137.08. Plaintiff intends to assert an additional claim against Defendants for conversion of the funds.

Pressler continued to attempt to collect on the vacated judgment throughout 2016, and even after this lawsuit was filed. Although Pressler contends that it sent a letter to Ms. Maria in June 2015 informing her that the debt had been transferred to New Century, Plaintiff has no recollection of being notified of the assignment. None of the other communications mention New Century. In August of 2016, the putative debt was transferred to prospective Defendant LVNV. LVNV, through its "master servicer," prospective Defendant Resurgent, used Pressler as its attorney for the collection of the debt. Pressler sent Ms. Maria a letter on September 9, 2016, purporting to inform her that LVNV had assumed ownership of the (nonexistent) judgment. After Plaintiff filed this federal lawsuit, LVNV transferred the debt back to New Century.

*Discussion*

Plaintiff seeks leave to file a motion to amend her complaint to include the additional factual material outlined above. Specifically, Plaintiff seeks to add New Century, LVNV, and Resurgent as Defendants, and to assert an additional claim for conversion. The information that

forms the basis of Plaintiff's first amended complaint was only uncovered recently through the discovery process.

Plaintiff is awaiting additional discovery from Defendant S&S, and from prospective Defendants New Century and LVNV. Should the additional discovery reveal new factual information pertinent to this case, Plaintiff may wish to add that information to the proposed complaint she files with her anticipated motion to amend. Thus, Plaintiff requests that briefing for the motion begin thirty days following the Court's order allowing Plaintiff to move to amend.

Sincerely,

/s/

Ahmad Keshavarz