# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900  
FAX: (877) 496-7809

June 6, 2017

VIA ECF  
Hon. Vernon S. Broderick  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square, Room 415  
New York, NY 10007

> Plaintiff's request for an extension to June 20, 2017 to file her amended complaint, (Doc. 36), is granted. Plaintiff's request to withdraw her prior letter, (Doc. 37), is granted, and the requests made in that prior letter, (Doc. 35), are denied as moot. If Defendants object to the proposed amendment, they should file a letter to that effect by June 13.
>
> SO ORDERED:
>
> *[signature]*  
> HON. VERNON S. BRODERICK   6/7/2017  
> UNITED STATES DISTRICT JUDGE

Re: Plaintiff's second request for two week extension of deadline to amend.  
*Maria v. Pressler and Pressler LLP, et al.*, 16-cv-8623-VSB

Dear Judge Broderick:

The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and NY General Business Law § 349 case. Plaintiff requests a two week extension of the deadline to amend, from June 6, 2017 to June 20, 2017. This is Plaintiff's second request for an extension of this deadline. Defendants have graciously agreed to this request. See DE 33.

Plaintiff filed her original complaint on November 5, 2016. On May 19, 2017 Plaintiff submitted a letter requesting an extension of her deadline to amend, which had been originally scheduled for May 23, 2017. DE 33. Plaintiff explained that she was awaiting the production of documents from Defendants and from non-party New Century Financial Services, LLC ("New Century"). Based on Defendants' representations, New Century may be responsible for some of the unfair debt collection practices that Ms. Maria was subjected to. Plaintiff plans to amend her complaint to add New Century as a Defendant.

Plaintiff served New Century with a document subpoena on or about April 12, 2017, with a return date set for April 26, 2017. As explained in Plaintiff's May 19 letter, Plaintiff sent a letter to New Century on May 4, 2017 requesting that it produce responsive documents by May 15, 2017. New Century responded by letter dated May 11, 2017, and stated that it had not received the subpoena. However, the affidavit of service reflects that the subpoena was served on New Century—through the New York Secretary of State—on April 19, 2017. See DE 33, Exhibit A.

On May 15, 2017, New Century failed to produce the documents. New Century requested a one week extension, to May 22, 2017, which Plaintiff hesitantly granted. New Century missed that deadline, and did not provide any documents until May 26, 2017. On June 1, 2017, Plaintiff contacted New Century and informed it that its document production was deficient. Plaintiff instructed New Century to send the missing documents forthwith, so that Plaintiff could review

them prior to filing her first amended complaint. Counsel for New Century advised that additional documents would likely be produced on, June 5, 2017. As of the filing of this letter New Century has not produced the documents. Plaintiff anticipates filing a motion to enforce the subpoena to New Century.

Plaintiff is also in the midst of a discovery dispute with Defendant Selip & Stylianou ("Selip"). Selip produced some documents, but apparently withheld other documents responsive to Plaintiff's April 12, 2017 discovery requests. Plaintiff and Selip are currently drafting a joint letter for a pre-motion conference to resolve their discovery disputes. Plaintiff expects to file that letter today. Further, Plaintiff is awaiting the production of documents pursuant to a subpoena served on LVNV Funding, LLC, an entity that apparently took possession of the disputed debt in August of 2016, shortly before the filing of this federal action.

In conversations with the undersigned, Defendants have pointed their fingers at New Century, blaming New Century for many of the abusive debt collection practices described in Plaintiff's original complaint. Defendant Pressler and Pressler, PC ("Pressler") contends it was acting as the agent of New Century, even though Cypress is the only putative judgment creditor mentioned in the written communications plaintiff contends she received from Pressler.

The only way Plaintiff will be able to document the role of New Century is to obtain full document production and discovery answers. The existing defendants seem to agree that New Century should be added as a party, but without adequate discovery it is extremely difficult for Plaintiff to establish New Century's role, and thus their liability, and how that may affect plaintiff's claims against existing defendants.

Plaintiff plans to file an amended complaint, but prefers to do so after having received adequate discovery regarding New Century's involvement with the collection of the putative debt alleged to be owed by Plaintiff. In Plaintiff's view, a brief extension would obviate the need to potentially file a second amended complaint should Plaintiff later learn important details about New Century's involvement. A two week extension would give the undersigned the opportunity to review documents provided by Defendants and New Century, assuming Defendants and New Century produce the documents as promised.

## CONCLUSION

Given the discovery issues described above, Plaintiff respectfully requests that her deadline to amend be extended by two weeks, from June 6, 2017 to June 20, 2017. This is Plaintiff's second request for an extension of the deadline to amend, and an extension of the deadline would not affect any other deadlines. Defendants consent to this request.

Sincerely,

/s/

Ahmad Keshavarz