# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

June 7, 2017
VIA ECF
Hon. Vernon S. Broderick
United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:** **Plaintiff's request for pre-motion conference to compel discovery.**
> ***Maria v. Pressler and Pressler LLP, et al.***, **Case No: 1:16-cv-08623-VSB**

Dear Judge Broderick:

The undersigned represent Plaintiff, Maria Maria ("Plaintiff") and Defendants Selip & Stylianou, LLP ("SS") and Cypress Financial Recoveries, LLC ("CFR") in the above-referenced matter. Plaintiff respectfully requests a pre-motion conference to compel discovery responses from SS and CFR.  The parties submit this joint letter regarding the discovery in this matter pursuant to Paragraph 3 of Your Honor's Individual Practice Rules. Plaintiff served her Requests for Production of Documents ("RFP") to each of the Defendants on or about April 12, 2017.  SS and CFR served their responses on or about May 11, 2017.

**Plaintiff's summary of claims made in the complaint:**  Plaintiff Maria Maria a/k/a Maria Acosta brings suit against Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., N.Y. Gen. Bus. Law § 349 *et seq*, and/or N.Y. Jud. § 487. Defendants are debt collection law firms Pressler and Pressler, LLP ("PP") and SS, a putative assignee creditor CFR, a process serving company Capital Process Servers, Inc. ("CPS") and its process server Nasser Atrash ("Atrash"). Defendants PP and SS are debt collection law firms that represented CFR in connection with a putative consumer debt (the "Account") alleged to be owed by Plaintiff. In 2013, CFR, through then-attorney SS, obtained a default judgment against Ms. Maria using a false affidavit of service. The false affidavit of service was executed by Defendant Atrash and caused to be filed by SS. Plaintiff first learned of the collection lawsuit when she saw the judgment listed on her credit report in May, 2015. Plaintiff promptly moved by order to show cause on May 20, 2015, providing written notice of the same to Cohen & Slamowitz (now SS), the attorney of record, as directed by the Court. At the hearing on the order to show cause on June 3, 2015, the Court set the matter down for a traverse hearing. At the traverse hearing on June 10, 2015 the Court ordered the judgment vacated and the action discontinued.  On or about November 6, 2015, CFR, through PP sent Plaintiff a collections letter purporting to collect on the judgment. (This and later letters identified CFR as the creditor to whom the judgment was owed and for whom PP was collecting).  The November 6, 2015 letter represented that there was a valid judgment against Plaintiff, and that they could begin judgment enforcement procedures. The letter also misstated the amount of the putative debt, and failed to inform Plaintiff of her rights to be able to require CFR and SS to cease collection and to verify whether the judgment actually existed pursuant to FDCPA 1692(g). The November 6, 2015 demand letter was sent on PP attorney letterhead, falsely implying to the least sophisticated

consumer that an attorney had reviewed the facts as to the accuracy of the putative judgment. PP sent an additional letter on March 15, 2016 containing most of the same misrepresentations. Lastly, PP sent an information subpoena on December 18, 2015 containing most of the same misrepresentations as the November 6, 2015 collection letter. The information subpoena was even more deceptive than the November 6 collection letter. It threatened contempt against Plaintiff if she did not answer the subpoena when that threat was false, not only because there was no judgment, but also because the subpoena was defectively issued in any event. SS/CFR do not contend Plaintiff's GBL 349 and Judiciary Law claims are time barred, or that Plaintiff's FDCPA claims against CFR for being listed as the judgment creditor in collection letters sent by PP within 1 year of the filing this action.

**SS and CFR's Allegations/Defenses**: SS and CFR contend and have provided documentary proof to the Plaintiff that the action is barred as to said Defendants due to the statute of limitations.  The Account in question was sold by CFR to New Century Financial Services, Inc. ("NCF") on or about January 16, 2015 and, therefore, CFR had no right, title or interest in the account at the time of the events complained of by the Plaintiff. SS and CFR have provided Plaintiff with the Bill of Sale relating to the sale to NCF.  We are also providing the entire purchase agreement.

Similarly, SS closed its file in January, 2015 and, therefore, had no direct involvement in any of the events complained of by the Plaintiff in her Complaint.  Most significantly, CFR never retained PP to represent it in connection with the Account, the underlying state court action and/or enforcement of the judgment.  In fact, in its Answer to Plaintiff's Complaint, PP admits that it was not retained to represent CFR leaving absolutely no doubt that SS and CFR have no liability to the Plaintiff herein.  Moreover, SS has provided Plaintiff with a recording of a telephone call between SS and NCF wherein SS advised that the Plaintiff served SS with an order to show cause seeking to vacate the judgment entered in the underlying state court action. SS and CFR were never served with any Order or other notice scheduling a traverse hearing in the underlying state court action.  SS and CFR were never served with an Order vacating the judgment and/or dismissing or discontinuing the underlying state court action.  Even if the action against SS and CFR was not somehow barred by the statute of limitations, any alleged wrongdoing is a result of actions taken by Capital and Atrash.  Pursuant to a written agreement dated on or about February 1, 2011, Capital agreed to indemnify, defend and hold SS harmless from any and all claims, demands and causes of action of any kind made against SS arising out of or related to Capital's provision of services to SS.  SS and CFR have multiple cross-claims against Capital and Atrash relating to the claims of Plaintiff as to the conduct of said Defendants. **SS and CFR intend to proceed with a motion to dismiss this action and would request that any discovery be stayed pending the outcome of said application.**

**Plaintiff's view of discovery dispute:** Plaintiff has served the most basic of document demands on all Defendants, as well as similar document demands via subpoena on non-party NCF.  Defendant PP and non-party NCF have largely complied with the document production demands.   However SS/CFR refuse to provide responsive documents to the very same production demands to which PP and NCF have had no problem largely complying with.  *See* Exh A (SS/CFR answers to production demands) . For most of the production demands, SS/CFR have stated that they have produced the responsive documents in their possession, custody, or control. However, they have produced only a single page (a purported sales agreement for the putative judgment) and a single audio recording. In this joint letter PP/CFR argue that Ms. Maria should not be entitled to discovery because they believe Ms. Maria states a claim then their

remedy is to move to dismiss, not refuse to comply with their discovery obligations.

First, the request for production ("RFP") demands at issue are straightforward. They request documents: regarding Ms. Maria or the putative debt (RFP # 1), contracts covering the collection of the putative debt (RFP # 2), all recordings (RFP # 3), identifying the persons involved in the collection of the putative debt (RFP # 4), form the basis of the assertion that Ms. Maria owed the putative debt (RFP # 5), upon which they base their affirmative defenses (RFP # 8), documents they referenced in their initial disclosures (RFP # 12), and documents reflecting steps they take to ensure the process servers they use do not engage in sewer service (RFP # 16).

Second, the initial discovery answers identify documents upon which they "may use to support its claims or defenses." *See* Exh B (SS/CFR initial disclosures). By their own contention, these documents are necessarily relevant, and have been requested in RFP # 12. SS/CFR identify these documents as "internal policies and procedures" which "may include, but are not limited to, client specific procedures, internal notes, communications and phone logs." These documents should be compelled as well.

Third, Plaintiff would be unable to have ascertained that SS/CFR had been withholding documents if not for the fact they produced only on page and one recording. SS/CFR made objections but stated that, subject to the objections they were producing responsive documents. In fact SS/CFR were withholding documents, did not disclose they were doing so, and did not identify the documents withheld. This violates the revised FRCP 34(b)(2)(C), which requires an objecting party to "state whether any responsive materials are being withheld on the basis of that objection" and further, "if an objection to part of a request *must specify the part* and permit inspection of the rest." (eff. Dec. 1, 2015) (emphasis added). SS/CFR have neither stated they are withholding documents nor specified the documents withheld. By not complying with FRCP 34(b)(2)(C) within 30 days of service of the requests, SS/CFR have waived the objections and must produce all responsive documents.

For the above reasons, Defendants SS/CFR should be ordered to produce all documents in their possession, custody, or control responsive to requests for production numbers 1, 2, 3, 8, 12, and 16, as well as all documents they reference in their initial disclosures. If document production answers withhold documents, the answers must specifically state documents are being withheld and identify the documents being withheld.   Given the short deadline to move to amend the complaint, for which these documents will likely be useful, a Plaintiff requests responsive documents be emailed to Plaintiff's counsel within 2 business days.

**SS and CFR's View of Discovery Demands, and Plaintiff's Response:** SS  and  CFR timely responded to Plaintiff's RFP and set forth proper and valid  objections to the Plaintiff's irrelevant, inapplicable and improper demands. Quite simply, Plaintiff has undertaken a blatant and obvious fishing expedition in the hopes of discovering a valid and/or new cause of action against SS and CFR as it is evident that said Defendants have absolutely no liability to the Plaintiff. Plaintiff's insistence on proceeding against SS and CFR and moving forward with the instant application is an obvious ploy to expend fees and time in a needless manner.  "The Federal Rules of Civil Procedure do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation". *Neogenix Oncology, Inc. v. Gordon*, No. CV 14-4427 (JFB) (AKT),  2017 U.S. Dist. LEXIS 49293, at *29 (E.D.N.Y. March 31, 2017) citing *McBeth v. Porges*, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016).  Discovery "may not be used as a fishing expedition to discover additional instances of wrongdoing beyond those already alleged." *Barbara v. MarineMax, Inc.*, No. 12-CV-368 (ARR) (RER), 2013 U.S. Dist. LEXIS 67018, at *2

(E.D.N.Y. May 10, 2013) citing *Wells Fargo Bank, N.A. v. Konover*, No. 3:05CV1924 (CFD) (WIG), 2009 U.S. Dist. LEXIS 19112, 2009 EL 585430, at *5 (D. Conn. Mar. 4, 2009) (internal quotation marks omitted).   SS and CFR will address each of Plaintiff's demands below:

    A.  RFP # 1 in sum seeks "all documents" relating to the Plaintiff or the "putative debt". Plaintiff's allegations in the Complaint relate to an allegedly false affidavit of service filed in the underlying state court action.  First and foremost, the Plaintiff has attached to her Complaint a multitude of documents, including but not limited to, the state court summons and complaint, affidavit of service, judgment, documents submitted in support of judgment, documents demonstrating CFR's ownership of the Account at the time of entry of judgment, etc.  It is SS and CFR's position that the underlying "putative debt" is wholly irrelevant to the instant proceedings.  Plaintiff is not disputing her liability and her entire claim revolves around an affidavit of service prepared and filed by Capital and Atrash. Plaintiff's claim has absolutely nothing to do with SS' or CFR's collection efforts in the underlying matter.

    <u>Plaintiff's response as to RFP #1.</u>  If SS/CFR wish to admit that they received a copy of the documents attached to the complaint on the dates of documents, then they need not produce the same. If they dispute receiving some but not others, then they need to say so in discovery answers. As a practical matter, if there were 10 pages of documents responsive to this request I would be surprised.  Plaintiff's summary of claims makes clear we disagree about the scope of claims against SS/CFR. Also, the Complaint at p. 9, fn. 5 does raise allegations as to false representations in the collection lawsuit itself.

    Moreover, the documents would be crucial for Ms. Maria's claims against NCF and PP. A key issue is what the Defendants said among themselves or through other debt collectors. If SS/CFR forwarded a copy of the OSC the NCF then that goes to notice that NCF and its collection firm PP was on that the judgment it was collecting on may have been vacated. This information would be noted on what are generally known as "account notes," which documents each step taken in the collection of the debt. Here, SS/CFR identify the account notes in their initial disclosures as "internal notes, communications and phone logs."   These are basic production items to any FDCPA suit.  While they are typically are only a few pages in length, they summarize the debt collection activity. This would typically include items such as "received OSC," or "faxed copy of OSC to NCF," for example. The single, undated recording itself mentions that SS/CFR was going to fax NCF a copy of the OSC, but SS/CFR will not produce the fax, or account notes which would likely reference whether a fax was sent.

    B.  RFP # 2 in sum seeks a variety of agreements between S&S, Cypress and any defendant from January 1, 2008 to the present relating to the "putative debt".  Plaintiff admittedly sought to vacate the judgment in the underlying state court action in or about May, 2015.  S&S and Cypress have provided Plaintiff with proof that the Account was sold by Cypress in January, 2015.  Therefore, the timeframe set forth in this demand is nothing short of overbroad and irrelevant to this action.  Moreover, as noted above, PP has admitted that it was not retained by Cypress.  There are no agreements between S&S or Cypress with the other named Defendants relevant to this proceeding other than the Agreement with Capital referenced in our Answer.

    <u>Plaintiff's response as to RFP #2.</u>  If there are no responsive documents, then that is all SS/CFR need say. These type of agreements typically have provisions outlining as to how communications for disputes are to be handled. PP and NCF has have no problem

producing these agreements.

C.  RFP # 3 in sum requests all recordings of telephone calls with or regarding Plaintiff  or any "person" regarding Plaintiff and the "putative debt".  Again, telephone calls with Plaintiff or anyone else are wholly irrelevant to Plaintiff's claim.  This action is not about the collection of the Account, but centers purely on the allegedly false affidavit of service filed in the underlying state court action.  Moreover, Plaintiff was provided with a recording demonstrating that NCF was notified of the order to show cause and was, therefore, aware that Plaintiff was seeking vacatur of the underlying judgment.

> Plaintiff's response as to RFP #3.  This goes to the issue of notice.  If NCF called SS/CFR back, for example, and said "we never received the fax you said you were sending," then that would be important. NCF and PP have produced a number of telephone recordings with no problem.

D.  RFP # 8 in sum seeks all documents relating to our affirmative defenses.  It is submitted that not only does this request seek a preview of the legal strategy of both SS and CFR, but said Defendants are relying on the documents provided to Plaintiff to demonstrate their lack of liability herein.   These documents, together with the papers attached to the Complaint, demonstrate that Plaintiff's claims are misguided as against SS and CFR.

> Plaintiff's response as to RFP #8.  If SS/CFR have no documents upon which they base an affirmative defense other than the documents attached to the complaint, then that is all they need say.  However, they cannot seek to use a document upon which they base an affirmative defense and not produce the same. In particular, they have raised an affirmative defense of "bona fide error," which turns *inter alia* on policies and procedures.

E.  RFP # 12 seeks documents referenced in our initial disclosures.  In said disclosures, Plaintiff is referred to the aforesaid Bill of Sale and the documents attached to Plaintiff's Complaint. The disclosures further indicate that additional documentation "may" include internal policies and procedures, however, SS and CFR submit that any such documents are wholly irrelevant to this proceeding and Plaintiff's claims.

> Plaintiff's response to RFP # 12.  If SS/CFR "may" use these documents, then Ms. Maria by definition has a right to the same.

F.  RFP # 16 in sum requests documents showing the steps taken from January 1, 2000 to the present to insure that the process servers utilized by SS and CFR do not engage in "sewer service".  The obvious irrelevancy of this overly broad and disingenuous demand is readily apparent.  First, the time frame set forth therein has absolutely no bearing on this proceeding. Second, and, most significantly, the demand blatantly demonstrates that the Plaintiff is searching for new or different claims or causes of action against SS and CFR and is attempting to use discovery in this action as a guise to do so.  "Discovery is not to be used as 'a hunting license to conjure up a claim that does not exist.'" *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976 (KAM) (JO), 2012 U.S. Dist. LEXIS 72855, at *15 (E.D.N.Y., May 24, 2012) quoting *Avnet, Inc. v. Am. Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987); accord *Am. Commc'ns Ass'n. v. Ret. Plan for Emps. Of RCA Corp.*, 488 F. Supp. 479, 484 (S.D.N.Y. 1980), aff'd, 646 F.2d 559 (2d Cir. 1980).

> Plaintiff's response to RFP # 16.  Based on prior deposition testimony, counsel for Ms. Maria is fairly certain the answer is "none," so this is a dispute about nothing. As to the merits, a claim against SS is that they blindly use process servers who they know or should reasonably know engage in sewer service.  The time frame is relevant as it goes to notice.

## CERTIFICATE OF CONFERENCE

The undersigned counsel spoke by telephone on or about May 11, 2017 and, again, on or about May 17, 2017 in an effort to resolve the discovery matters outlined below, without the necessity of Court intervention, but those efforts have, thus far, failed.

Sincerely,

/s/                                                      /s/

Ahmad Keshavarz                        Mary D. Milone, Esq.

Attorney for Plaintiff                    Selip & Stylianou, LLP, pro se and as attorney for

Defendant Cypress Financial Recoveries, LLC

Plaintiff's motion to compel is granted. Defendants shall produce documents responsive to the requests described in the parties' June 7 joint letter by June 16. To the extent Defendants seek to move for a stay of discovery pending their anticipated motion to dismiss, that motion is denied.

SO ORDERED:

HON. VERNON S. BRODERICK  6/14/2017
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA MARIA A/K/A MARIA ACOSTA,

                           Plaintiff,

        -against-

 PRESSLER AND PRESSLER, LLP; SELIP &
STYLIANOU, LLP, f/k/a COHEN & SLAMOWITZ,
LLP; CYPRESS FINANCIAL RECOVERIES, LLC;
CAPITAL PROCESS SERVERS, INC; and NASSER
ATRASH

                        Defendants.
------------------------------------------------------------------X

Case No. 1:16-cv-08623-VSB

**SELIP & STYLIANOU LLP'S AND
CYPRESS FINANCIAL
RECOVERIES, LLC'S RESPONSE
TO PLAINTIFF'S
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

       Defendants Selip & Stylianou, LLP, f/k/a Cohen & Slamowitz, LLP and Cypress Financial

Recoveries, LLC (hereinafter "S&S", "Cypress" and/or collectively the "Defendants") as and for their

answer to Plaintiff, Maria Maria a/k/a Maria Acosta's (hereinafter the "Plaintiff") Requests for

Production of Documents states, objects and alleges as follows:

       These responses are made without waiver of, and with preservation of, the following:

       1.     All objections as to competency, relevancy, materiality, privilege, and admissibility

of the responses and the subject matter thereof as evidence for any purposes in any further proceeding

in this action (including the trial of this action) and any other action;

       2.     The right to object to the use of any such responses or the subject matter thereof, on

any ground, in any further proceeding in this action (including the trial of this action) and any other

action;

       3.     The right to object to a demand or request for further response (including more specific

responses to an interrogatory or further production of documents) to propounding party's request or

any other interrogatories or document requests or other discovery proceedings involving or relating

to the subject matter of this controversy; and

4.       The right at any time to revise, correct, amend, add to, supplement and/or clarify any of the responses contained herein.

5.       In the event any responses and/or documents are inadvertently produced by the Defendants which fall within the attorney/client privilege and/or attorney work-product privilege, Defendants shall not be deemed to have waived their privilege as to any such document or the information contained therein, or the right to the attorney/client or work-product privilege as to any other matter, which arises during the course of this litigation or any subsequent proceeding.  The production of any document is not intended, nor shall same be construed as an implied or adoptive admission to contents of any such writing, all rights being expressly reserved.

**GENERAL OBJECTIONS TO PLAINTIFF'S
DOCUMENT REQUESTS**

The Defendants intend to abide by their obligations to produce requested information and documents discoverable under Federal Rules of Civil Procedure.  The specific objections described below are intended to clarify Defendant's position with respect to each Demand.  Accordingly, where applicable, Defendant's Answer to a Demand may include one or more of the following objections:

A.       Defendants object to each request to the extent that it calls for information that would impose upon it a vexatious and undue burden on the ground that such request is oppressive and/or is intended to harass these Defendants.

B.       Defendants object to each request to the extent that it is drafted in such a manner that it is overly broad in that the request purports to seek the disclosure of information or data which is beyond the scope of reasonable discovery, unduly burdensome to obtain and/or can be obtained from other documentation more readily available and without causing unnecessary expense and hardship

to these Defendants or seeks information not relevant to this proceeding as defined in subpart "C" below.

C. Defendants object to each request to the extent that it seeks the disclosure of documents, information, or data which are irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Objections on the grounds of irrelevancy are specifically interposed as to all requests, which seek the disclosure of information beyond the scope of and not relevant to the allegations contained in the pleadings, nor reasonably calculated to lead to the discovery of evidence admissible with respect to such allegations.

D. Defendants object to each request to the extent that it requests the disclosure of information or documents incorporating or containing information, which is protected by the attorney/client privilege, the work-product privilege or other privileges, or is material prepared in anticipation of litigation, upon the ground that the privileged matter is exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites provided in the Federal Rules of Civil Procedure, which prerequisites have not been satisfied.

E. Defendants object to each request to the extent that it is vague, ambiguous and otherwise lacks sufficient precision or particularity to permit reasonable formulation of a response.

F. Defendants object to each request to the extent that it requires it to obtain information from or with respect to persons or entities over which it has no control.

G. Defendants object to each request to the extent that it seeks disclosure of information already known or available to the propounding party or documentation in the propounding party's possession, which may be obtained more readily by the propounding party and without subjecting it to unreasonable burden and expense.

H.      Defendants object to each request to the extent it seeks information that is confidential, trade secret, subject to employee's privacy rights or otherwise proprietary in nature, the disclosure of which would or could harm these Defendants.

I.      Defendants object to each request to the extent it seeks information previously provided in prior litigations or actions and/or seeks information already in the possession of Plaintiff.

J.      Defendants object to each request to the extent that it seeks legal opinions or conclusions.

K.      Defendants object to each request to the extent that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

L.      Defendants object in the entirety to any request for documents that is not limited in time.

M.      Defendants continue to search for information responsive to Plaintiff's demands and, therefore, reserve the right to supplement this response to each demand with additional information if and when such information becomes available to it.  Defendants reserve the right to object to the future disclosure of any such information.

N.      Defendants reserve the right to make any further applicable objection, whether or not said objection is delineated above.  The above objections in no way affect Defendant's right to make applicable objections as the course of this matter progresses.

O.      Defendants incorporate each of these objections into its responses to Plaintiff's Requests for Production of Documents.  The assertion of a specific objection should not be construed as a waiver of the General Objections.

## RESPONSE TO DOCUMENT REQUESTS

1. All documents in your possession, custody, or control concerning or relating to Maria Maria (A/K/A Maria Acosta) (Ms. Maria"), or the "putative debt."

**Response**: Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious. Moreover, the request seeks documentation that is, in part, privileged and confidential. Without waiver of the foregoing, Defendants refer Plaintiff to the documentation attached to her Complaint and that has already been supplied to the Plaintiff by these Defendants.

2. All agreements or contracts (including any collection agreements, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or other agreements) between you and any "person," including any defendant, in effect from January 1, 2008 to present that govern or relate to the "putative debt".

**Response**: Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious. Moreover, the request seeks documentation that is privileged and confidential. Without waiver of the foregoing, Defendants refer Plaintiff to the documentation attached to her Complaint and that has already been provided to the Plaintiff by these Defendants.

3. All recordings of telephone calls with or regarding Ms. Maria, or with any "person" regarding Ms. Maria or the "putative debt."

**Response:**   Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the isntant action. Moreover, the request seeks documentation that is, in part, privileged and confidential between S&S and its client. Without waiver of the foregoing, Defendants refer Plaintiff to the telephone recording previously provided on April 27, 2017.

4. Documents sufficient to demonstrate the identity of every "person" who was involved in attempts to collect the "putative debt."

**Response**:   Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action. Without waiver of the foregoing, Defendants refer Plaintiff to their Rule 26 (a) (1) (A) disclosures previously served in this matter.

5. Documents sufficient to demonstrate the number of judgment accounts you sought to collect from January 1, 2010 to present.

**Response**: Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action.

6. Documents sufficient to demonstrate the number of judgment accounts you sought to collect on from January 1, 2010 to present where Pressler was not the firm that obtained the default judgment.

**Response:** Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, vexatious and wholly incomprehensible. Moreover, the request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action.

7. Documents upon which you base your assertion, if any, that the Ms. Maria owed the putative debt.

**Response:** Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond:  Defendants further object to

this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.  Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action.  Without waiver of the foregoing, Defendants refer Plaintiff to the documentation attached to her Complaint.

8.  All documents, if any, upon which you base your affirmative defenses.

**Response**:   Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond:   Defendants further object to this request in that it is vague, overbroad, ambiguous and vexatious.  Defendants further object on the ground that this inquiry is an improper attempt to obtain a preview of the Defendant's legal strategy.   The request is patently improper and requests certain information protected by the attorney-client or work-product privileges.  Without waiver of the foregoing, Defendants refer Plaintiff to the documentation previously provided to the Plaintiff by these Defendants.

9.  If you contend you performed a meaningful attorney review prior to issuing a bank restraint, income execution, or letter, please provide the documents upon which you base your assertion.

**Response**:  Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond:   Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.  S&S further objects in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's

request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action.

10.  Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to you insurance carrier.

**Response:**  Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond:   Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.  Without waiver of the foregoing, Defendants refer Plaintiff to the documentation previously provided to the Plaintiff by these Defendants.

11.  Any letters from the insurance carriers that may provide coverage for claims in this suit concerning whether and to what extent defense is being provided with a waiver of rights.  This includes any communications with any insurance broker.

**Response:**  Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond:   Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.  S&S further objects in that the request is vague, overbroad, ambiguous, unduly burdensome, is without limitation in time and scope and is vexatious.  Without waiver of the foregoing: none.

12.  All documents you reference in your initial disclosures.

**Response:**  Subject to and without waiver of the General Objections to its Responses to this  Requests for Production of Documents, Defendants respond: Defendants refer Plaintiff to the documentation previously provided to Plaintiff by these Defendants.

13. If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

**Response**: Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that the request is vague, overbroad, ambiguous, unduly burdensome and is vexatious. Moreover, the inquiry is an improper attempt to obtain a preview of the Defendant's legal strategy.

14. Any demands for indemnification or contribution in this case.

**Response**: Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious. Without waiver of the foregoing, Defendants refer Plaintiff to the pleadings, as well as the documentation previously provided to the Plaintiff by these Defendants.

15. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations for codes.

**Response:** Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object as the request is patently improper and requests certain privileged and confidential information. Without waiver of these objections, none.

16. Documents reflecting what steps you have taken from January 1, 2000 to present to insure that the process servers that serve process on your behalf do not engage in "sewer service."

**Response:** Subject to and without waiver of the General Objections to its Responses to

this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action. The request is patently improper and requests certain privileged and confidential information.

17. Documents sufficient to demonstrate what process serving companies Nasser Atrash was worked January 1, 2007 to January 1, 2014.

**Response:** Subject to and without waiver of the General Objections to its Responses to this Requests for Production of Documents, Defendants respond: Defendants further object to this request in that it is patently immaterial and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information. Defendants further object in that the request is vague, overbroad, ambiguous, unduly burdensome and vexatious as Plaintiff's request amounts to nothing more than a fishing expedition as to matters unrelated to the instant action. The Request also seeks documentation that would be in the possession, custody and/or control of a third party that is not within the control of these Defendants. Without waiver of the foregoing: none.

Defendants are not providing responses to those Requests Numbered "18" through

"29" that are directed to Defendant, Capital Process Servers, Inc.


Dated: Woodbury, New York
       May 11, 2017

                              Respectfully submitted,

                              By: Mary D. Milone, Esq. (MDM5868)
                              Selip & Stylianou, LLP
                              Defendant Pro Se & Attorneys for Cypress Financial
                              Recoveries, LLC
                              199 Crossways Park Drive
                              Woodbury, New York 11797
                              Telephone: (516) 364-6006


TO: Ahmad Keshavarz, Esq.
    The Law Office of Ahmad Keshavarz
    Attorneys for the Plaintiff
    16 Court Street, 26th Floor
    Brooklyn, New York 11241-1026

    Michael J. Peters, Esq.
    Pressler & Pressler, LLP
    Attorneys for Defendant Pressler & Pressler, LLP
    7 Entin Road
    Parsippany, New Jersey 07054

    Kaitlyn P. Long, Esq.
    Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
    Attorneys for Defendant Capital Process Servers, Inc.
    530 Saw Mill River Road
    Elmsford, New York 10523

Case No. 1:16-cv-08623-VSB
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA MARIA A/K/A MARIA ACOSTA,

                    Plaintiff,

          -against-

PRESSLER AND PRESSLER, LLP;
SELIP & STYLIANOU, LLP, f/k/a COHEN & SLAMOWITZ,
LLP; CYPRESS FINANCIAL RECOVERIES, LLC;
CAPITAL PROCESS SERVERS, INC.; and
NASSER ATRASH,

                    Defendants.

## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### SELIP & STYLIANOU, LLP
*Attorneys for Defendant*
199 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797-2016
516-364-6006

TO:
Attorney(s) for:

### NOTICE OF ENTRY
PLEASE take notice that the within is a (certified) true copy of a                    duly entered in the office of the clerk of the within named court on    .

Dated,

*Yours, etc.,*
### SELIP & STYLIANOU, LLP
*Attorneys for Defendant*
199 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797-2016

TO:
Attorney(s) for

### NOTICE OF SETTLEMENT
PLEASE take notice that an order                    of which the within is a true copy will be presented for settlement to the Hon.
          one of the judges of the within names Court, at                    on          , at    M.

Dated,

*Yours, etc.,*
### SELIP & STYLIANOU, LLP
*Attorneys for Defendant*
199 Crossways Park Drive
WOODBURY, NEW YORK 11797-2016

TO:
Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA MARIA A/K/A MARIA ACOSTA,

                 Plaintiff,

        -against-

PRESSLER AND PRESSLER, LLP; SELIP &
STYLIANOU, LLP f/k/a COHEN & SLAMOWITZ,
LLP; CYPRESS FINANCIAL RECOVERIES, LLC;
CAPITAL PROCESS SERVERS, INC; and
NASSER ATRASH,

                 Defendants.
-----------------------------------------------------------------X

**Docket No.:**
**1:16-cv-08623-VSB**

**RULE 26 (a) (1) (A)**
**INITIAL DISCLOSURES**

### INITIAL DISCLOSURE STATEMENT OF
### DEFENDANTS SELIP & STYLIANOU, LLP
### AND CYPRESS FINANCIAL RECOVERIES, LLC

       Defendants Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP and Cypress Financial

Recoveries, LLC (hereinafter "S&S", "Cypress" or "Defendants") set forth the following

statement of disclosure required under Federal Rule of Civil Procedure 26(a)(1)(A) and preserve

the right to file supplemental disclosures.  These disclosures do not constitute a waiver of any

work product protection and are without prejudice to any other issue or argument.

### I.   PERSONS WITH DISCOVERABLE INFORMATION

       The name and, if known, the address and telephone number of each individual likely to

have discoverable information–along with the subjects of that information–that the disclosing

party may use to support its claims or defenses, unless the use would be solely for impeachment:

       a.  Maria Maria a/k/a Maria Acosta (hereinafter the "Plaintiff"), c/o Ahmad Keshavarz,
Esq., 16 Court Street, 26th Floor, Brooklyn, New York 11241.  Plaintiff is likely to have
discoverable information related to the claims and defenses in this matter.

b. Mitchell Selip, Esq., c/o Selip & Stylianou, LLP, 199 Crossways Park Drive, Woodbury, New York 11797, 516-364-6006. Mr. Selip is a Partner with S&S and is likely to have discoverable information about the claims and defenses in this matter.

c. Jason Schmidt, Chief Financial Officer, Cypress Financial Recoveries, LLC c/o Selip & Stylianou, LLP, 199 Crossways Park Drive, Woodbury, New York 11797, 516-364-6006. Mr. Schmidt is likely to have discoverable information about the claims and defenses in this matter.

d. Pressler and Pressler, LLP, c/o Michael J. Peters, Esq., Pressler and Pressler, LLP, 7 Entin Road, Parsippany, New Jersey 07054. Said defendant is likely to have discoverable information about the claims and defenses in this matter.

e. Capital Process Servers, Inc., c/o Kaitlyn P. Long, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., 530 Saw Mill River Road, Elmsford, New York 10523. Said defendant is likely to have discoverable information about the claims and defenses in this matter.

f. Nasser Atrash, 1460 Ovington Avenue, 1st Floor, Brooklyn, New York 11219. Said defendant is likely to have discoverable information about the claims and defenses in this matter.

g. New Century Financial Services, Inc., 110 South Jefferson Road, Suite 104, Whippany, New Jersey 07981. Said corporation is likely to have discoverable information about the claims and defenses in this matter.

Defendants reserve the right to supplement this response as more information about the claims are discovered from the Plaintiff and co-defendants.

## II. **DOCUMENTS WITHIN DEFENDANT'S POSSESSION, CUSTODY OR CONTROL**

A copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and that it may use to support its claims or defenses, unless the use would be solely for impeachment:

In addition to the correspondence and communications already in the Plaintiff's possession and attached to the Plaintiff's Complaint, attached hereto as Exhibit "A" is a copy of the Bill of Sale from Cypress to New Century Financial Services, Inc.

Additional documentation may include internal policies and procedures that are either protected under attorney/client privilege and/or contain proprietary and confidential information. Such materials may include, but are not limited to, client specific procedures, internal notes, communications and phone logs. Unless otherwise directed by the Court, Defendants will only produce such items *in camera* and under protective order.

Defendants reserve the right to identify additional documents, the existence and significance of which may be identified through discovery.

## III.   COMPUTATION OF DAMAGES

A computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Defendants maintain that no damages were incurred by Plaintiff.  Defendant's damages to be determined based upon the ultimate outcome of the action and veracity of the claims asserted by Plaintiff against Capital Process Servers, Inc. and Nasser Atrash.

## IV.   INSURANCE AGREEMENTS

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

This claim has not yet been reported to an insurance company, pursuant to Defendant's protocol, as well as policy requirements.

The foregoing initial disclosures are based on information presently available to Defendants. Defendants reserve the right to seasonably supplement this disclosure should additional information requiring disclosure become known and/or available to them. Defendants make these initial disclosures based on their knowledge and information as of March 31, 2017. Defendants reserve the right to supplement these initial disclosures as additional information becomes known or otherwise becomes necessary or appropriate.

Dated: March 31, 2017

By: Mary D. Milone, Esq. (MM5868)
Selip & Stylianou, LLP,
Defendant Pro Se and
Attorneys for Cypress Financial Recoveries, LLC
199 Crossways Park Drive
Woodbury, New York 11797-9004
Phone: 516-364-6006

TO: Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
Attorneys for the Plaintiff
16 Court Street, 26th Floor
Brooklyn, New York 11241-1026

Michael J. Peters, Esq.
Pressler & Pressler, LLP
Attorneys for Defendant Pressler & Pressler, LLP
7 Entin Road
Parsippany, New Jersey 07054

Kaitlyn P. Long, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Attorneys for Defendant Capital Process Servers, Inc.
530 Saw Mill River Road
Elmsford, New York 10523

**Exhibit A**

## EXHIBIT "B"
## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

Cypress Financial Recoveries, LLC, ("Assignor") hereby absolutely sells, transfers, assigns, sets-over and conveys to New Century Financial Services, Inc. ("Assignee") without recourse and without representations or warranties, express or implied, of any type, kind or nature, except solely that Seller does hereby represent and warrant that Seller is the owner and holder of the Judgments for each of the Accounts:

(a) all of Assignor's right, title and interest in and to each of the Accounts identified in the Account Schedule attached hereto as **Exhibit "A"** (the "Accounts") together with all instruments and documents constituting the Account Files pertaining to such Accounts, if any; and

(b) all principal, interest or other proceeds of any kind with respect to the Accounts (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Accounts into cash or other liquidated property, but excluding any payments or other consideration received by or on behalf of Assignor prior to New Century Financial Services, Inc., with respect to the Accounts.

This Bill of Sale is being executed and delivered pursuant to and in accordance with the terms and provisions of that certain Judgment Purchase Agreement made and entered into by and between the Assignor as Seller, and the Assignee as Buyer dated January 16th, 2014(the "Agreement"). The Accounts are defined and described in the Agreement and are being conveyed hereby subject to the terms, conditions and provisions set forth in the Agreement. Assignor represents that this Bill of Sale has been duly authorized and that the person signing for same has full power and authority in the premises.

**THIS BILL OF SALE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REGARD TO THE CONFLICTS OF LAWS RULES THEREOF.**

DATED: 1/29/2015

Seller: Cypress Financial Recoveries, LLC

By: *Cynthia Talledo*
Name (print): *Cynthia Talledo*
Title: *Operations Manager*

STATE OF *New Jersey*
COUNTY OF *Bergen* SS.

The foregoing instrument was acknowledged before me this 29th day of 2014, by *Cynthia Talledo* as *Operations Manager* on behalf of *Cypress Financial Recoveries, LLC*

Signature of Notary Public – State of *NJ*
*Cheryl E. Mihalik*
Personally Known ___ Or Produced Identification X
Type of Identification Produced *NJ Drivers License*



CHERYL E. MIHALIK
Notary Public  State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

Case No. 1:16-cv-08623-VSB
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA MARIA A/K/A MARIA ACOSTA,

        Plaintiff,

   -against-

PRESSLER AND PRESSLER, LLP;
SELIP & STYLIANOU, LLP, f/k/a COHEN & SLAMOWITZ,
LLP; CYPRESS FINANCIAL RECOVERIES, LLC;
CAPITAL PROCESS SERVERS, INC.; and
NASSER ATRASH,

        Defendants.

## RULE 26 (a) (1) (A)
## INITIAL DISCLOSURES

### SELIP & STYLIANOU, LLP

*Attorneys for Defendant*
199 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797-2016
516-364-6006

TO:
Attorney(s) for:

### NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a       duly entered in the office of the clerk of the within named court on  .

Dated,

*Yours, etc.,*
### SELIP & STYLIANOU, LLP
*Attorneys for Defendant*
199 CROSSWAYS PARK DRIVE
WOODBURY, NEW YORK 11797-2016

TO:
Attorney(s) for

### NOTICE OF SETTLEMENT

PLEASE take notice that an order    of which the within is a true copy will be presented for settlement to the Hon.   one of the judges of the within names Court, at     on   , at   M.

Dated,

*Yours, etc.,*
### SELIP & STYLIANOU, LLP
*Attorneys for Defendant*
199 Crossways Park Drive
WOODBURY, NEW YORK 11797-2016

TO:
Attorney(s) for