## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
================================= :
MARIA MARIA A/K/A MARIA ACOSTA    :
                                  :        1:16-cv-08623-VSB
                                  :
   Plaintiff,                     :
                                  :
          vs.                     :
                                  :
PRESSLER AND PRESSLER, LLP;       : ANSWER OF PRESSLER &
SELIP & STYLIANOU, LLP f/k/a      : PRESSLER, LLP WITH
COHEN & SLAMOWITZ, LLP; CYPRESS   : AFFIRMATIVE DEFENSES AND
FINANCIAL RECOVERIES, LLC;        : CROSS-CLAIMS AGAINST
CAPITAL PROCESS SERVERS, INC;     : CAPITAL PROCESS SERVERS,
NASSER ATRASH; NEW CENTURY        : INC. AND NASSER ATRASH
FINANCIAL SERVICES, INC; LVNV     : (AS TO FIRST AMENDED
FUNDING, LLC; RESURGENT CAPITAL   : COMPLAINT AND JURY
SERVICES, LP                      : DEMAND)
                                  :
   Defendants                     :
                                  :
================================= :
```

Defendant, **Pressler and Pressler, LLP** ("P&P"), by way of answer to the Plaintiff's First Amended Complaint and Jury Demand, by and through their undersigned counsel, state the following:

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Admitted in part and denied in part.  Admitted that this paragraph sets forth the type of redress Plaintiff seeks.  Denied that P&P violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), New York General Business Law § 349 *et seq.* or N.Y. Jud. § 487.  All other allegations in this paragraph are denied.

### Summary of Claims

Admitted in part and denied in part.  Admitted that this paragraph sets

forth the type of redress Plaintiff seeks.  Denied that P&P violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), New York General Business Law § 349 *et seq.* or N.Y. Jud. § 487.  All other allegations in this paragraph are denied.

### A. Jurisdiction and Venue

1.      Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

2.      Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

### B.  Parties

3.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

4.      Admitted.

5.      Admitted in part and denied in part.  Admitted that P&P is a law firm that collects financial obligations through litigation for its clients and, that solely for the purposes of this case, it is a "debt collector" as defined by the FDCPA.   All other allegations in this paragraph are denied and those that constitute questions of law are referred to the Court.

6.      Admitted in part and denied in part.  Admitted that P&P is a law firm that collects financial obligations through litigation for its clients in the State of New York.  All other allegations in this paragraph are denied.

7.      P&P lacks knowledge or information sufficient to form a belief

about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

8.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

9.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

10.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

11.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

12.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

13.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

14.      P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

## C. STATEMENT OF FACTS

15.    P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

16.    P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.   The documents referred to in this paragraph speak for themselves and P&P denies any characterization of same.

17.    The document referred to in this paragraph, Exhibit A to the First Amended Complaint ("FAC"), speaks for itself and P&P denies any characterization of same.

18.    The document referred to in this paragraph, Exhibit B to the FAC, speaks for itself and P&P denies any characterization of same.

19.    The document referred to in this paragraph, Exhibit B to the FAC, speaks for itself and P&P denies any characterization of same.

20.    P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

21.    P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

22.     Denied.

23.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

24.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

25.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.  To the extent this paragraph references "Exhibit D" to the FAC, it is a document which speaks for itself and P&P denies any characterizations of said document.

26.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

27.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

28. P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

29. Admitted in part and denied in part. Admitted that Plaintiff filed an Order to Show Cause. As to the remaining allegations, P&P lacks knowledge or information sufficient to form a belief about said allegations and, therefore, they are denied and Plaintiff is left to her proofs.

30. P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

31. Admitted in part and denied in part. Admitted that Pressler's computer system reflects a change in index number on May 13, 2015 to "1750.99". Admitted that Pressler's computer system reflects a change in index number on July 16, 2015 to "CV-006298-12/NY". Denied that the index number caused any communications for any time period not to be logged in Pressler's file as mail can be identified, among other ways, by a debtor's name, address, phone number, or P&P file number.

32. P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs. To the extent this paragraph references "Exhibit F" to the FAC, it is a document which speaks for itself and P&P denies any characterizations of said document.

33. P&P lacks knowledge or information sufficient to form a belief

about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

34.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.  To the extent this paragraph references "Exhibit G" to the FAC, it is a document which speaks for itself and P&P denies any characterizations of said document.

35.     Admitted in part and denied in part. Admitted that Cypress and New Century Financial Services, Inc. contend the judgment was assigned from the former to the latter. As to the remaining allegations, P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

36.     To the extent this paragraph references documents, those documents speak for themselves and P&P denies any characterizations of them.

37.     To the extent this paragraph references documents, those documents speak for themselves and P&P denies any characterizations of them.

38.     To the extent this paragraph references documents, those documents speak for themselves and P&P denies any characterizations of them.

39.     Admitted in part and denied in part. Admitted that P&P sent Plaintiff the June 1, 2015 letter. To the extent this paragraph references

documents, those documents speak for themselves and P&P denies any characterizations of them. As to remaining allegations, they are denied.

40.     To the extent this paragraph references Exhibit O to the FAC, that document speaks for itself and P&P denies any characterizations of them. P&P denies that Exhibit O to the FAC is a "retainer agreement".

41.     Admitted in part and denied in part. Admitted that P&P received a "FILED" consent to change attorney returned from the court dated on or about November 30, 2015. Denied that P&P had any obligation to amend the plaintiff name in the collection lawsuit to reflect the transfer to New Century.

42.     Admitted in part and denied in part. Admitted that P&P contends that New Century ultimately assigned the judgment to LVNV. Denied that Ms. Maria never received and was not sent, notice of assignment of the judgment. Same was mailed to her on September 7, 2016 at the same address where all the other documents she received from P&P were sent.

43.     Admitted in part and denied in part. P&P admits that it remained the attorney collecting on the judgment. P&P admits that it sent the September 7, 2016 letter to Maria. As to any characterizations of said letter, P&P denies same as the document speaks for itself. The remaining allegations are denied.

44.     Admitted in part and denied in part. Admitted that P&P represented LVNV at the time in sent the September 7, 2016 letter. The remaining allegations are denied.

45.     Admitted in part and denied in part.  Admitted that P&P mailed Plaintiff the document identified as Exhibit H to the FAC.  P&P denies that

Exhibit H was sent on behalf of Cypress and denies any characterizations of Exhibit H which are documents that speak for themselves. Denied that the letter was the first time Ms. Maria was informed that P&P had replaced Selip as the attorney of record for Cypress in the collection case as she was sent a letter from P&P dated June 1, 2015 advising her of the assignment of the judgment and providing her the notice of rights as required under 15 U.S.C. § 1692g. Said letter was sent to the same address where all the other documents she received from P&P were sent.

46.    Denied.  P&P's initial communication with Plaintiff was by letter dated June 1, 2015 wherein Plaintiff was advised of her rights pursuant to 15 U.S.C. § 1692g. To the extent this paragraph contains conclusions of law, they are also denied as P&P refers all questions of law to the Court.

47.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

48.    Admitted in part and denied in part.   Admitted that P&P sent communications to Plaintiff in 2015 and 2016.  As to all other allegations they are denied. After P&P sent the June 1, 2015 letter to Plaintiff, it had no further obligation to provide the notice of rights under 15 U.S.C. § 1692g. To the extent any of those allegations are conclusions of law, they are referred to the Court.

49.    Admitted in part and denied in part.   Admitted that P&P mailed Exhibit I, Exhibit J, and Exhibit K to this FAC to Plaintiff.  P&P denies that Exhibit I, Exhibit J, and Exhibit K were sent on behalf of Cypress and denies any characterizations of Exhibit I, Exhibit J, and Exhibit K which are

documents that speak for themselves.

50.     P&P denies any characterizations of Exhibit I, Exhibit J, and Exhibit K which are documents that speak for themselves.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

51.     P&P denies any characterizations of the November 6, 2015 letter which is a document that speaks for itself. Any remaining allegations are denied.

52.     P&P denies any characterizations of Exhibit I, Exhibit J, and Exhibit K which are documents that speak for themselves.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

53.     P&P denies any characterizations of Exhibit I, Exhibit J, and Exhibit K which are documents that speak for themselves.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

54.     P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.  To the extent they constitute questions of law, they are referred to the Court.

55.     Admitted.

56.     Denied. To the extent this paragraph contains conclusions of law, they are also denied as P&P refers all questions of law to the Court.

57.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

58.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

59.    P&P denies any characterizations of Exhibit I and Exhibit J which are documents that speaks for themselves.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

60.    P&P denies any characterizations of Exhibit I, Exhibit J, and/or Exhibit K which are documents that speaks for themselves.   All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

61.    P&P denies any characterizations of Exhibit I, Exhibit J, and/or Exhibit K which are documents that speaks for themselves.   All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

62.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

63.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

64.    P&P denies any characterizations of Exhibit N which is a document that speaks for itself.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

65.     P&P denies any characterizations of Exhibit K which is a document that speaks for itself.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

66.     P&P denies any characterizations of Exhibit K which is a document that speaks for itself.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

67.     P&P denies any characterizations of Exhibit K which is a document that speaks for itself.  All other allegations are denied and, to the extent they constitute questions of law, they are referred to the Court.

68.     Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

69.     Admitted in part and denied in part. Admitted that P&P issued information subpoena, bank restraints, and execution notices. P&P denies any characterizations of the said documents as they speak for themselves. Any remaining allegations are denied.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Admitted in part and denied in part. Admitted that Chase Bank and Banco Popular responded. P&P denies any characterizations of the said documents as they speak for themselves. Any remaining allegations are denied.

74.     Admitted.

75.     Admitted in part and denied in part. Admitted that on December

14, 2015, NY Comptroller reported that it was in possession of unclaimed funds from Ms. Maria. P&P lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

76.   Admitted.

77.   Denied.

78.   Admitted.

79.   Admitted in part and denied in part. Admitted that Marshal Bienstock retained $23.00 in poundage. All remaining allegations are denied.

80.   Admitted in part and denied in part. Admitted that P&P received the summons and complaint in this action on or about November 16, 2016 and that same is reflected in its collection notes. P&P lacks sufficient knowledge or information to form a belief about the date upon which Plaintiff mailed the summons and complaint to P&P and, therefore, it is denied and Plaintiff is left to her proofs.

81.   Denied.

82.   Admitted in part and denied in part. Admitted that P&P sent an email to Marshal Bienstock on February 2, 2017. As this email is a document, it speaks for itself and P&P denies any characterizations of same.

83.   Admitted in part and denied in part. Admitted that P&P sent an email to Marshal Bienstock on March 22, 2017. As this email is a document, it speaks for itself and P&P denies any characterizations of same.

84.   Denied. P&P mailed Ms. Maria's attorney a check totaling $137.08

on June 6, 2017.

85.    Admitted in part and denied in part. Admitted that on February 2, 2017, Pressler contacted the marshal to inform them the judgment had been vacated and to cease collection activities. All remaining allegations are denied.

86.    Denied. P&P did not contact any "Marshal Biegel".

87.    Denied.

88.    Denied.

89.    Denied.

90.    P&P lacks knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, they are denied and Plaintiff is left to her proofs.

91.    Denied.

92.    Denied.

### D. COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AS TO CYPRESS, SELIP, AND PRESSLER)

93.    P&P repeats and incorporates each and every response made to the allegations in paragraphs 1 through 92 as if set forth at length herein.

94.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

95.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

96.    Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

97.    Denied.   P&P denies these allegations as conclusions of law to

14

which no response is required.  P&P refers all questions of law to the Court.

98.     Admitted in part and denied in part. Solely for the purposes of this action, P&P admits that it is a "debt collector" as defined by the FDCPA.  P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.  As to those allegations regarding co-defendants, P&P lacks knowledge or information sufficient to form a belief about said allegations and, therefore, they are denied and Plaintiff is left to her proofs.

99.     Denied.  P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.  As to those allegations regarding co-defendants, P&P lacks knowledge or information sufficient to form a belief about said allegations and, therefore, they are denied and Plaintiff is left to her proofs.

100.   Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.  As to those allegations regarding co-defendants, P&P lacks knowledge or information sufficient to form a belief about said allegations and, therefore, they are denied and Plaintiff is left to her proofs.

101.   Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.  As to those allegations regarding co-defendants, P&P lacks knowledge or information sufficient to form a belief about said allegations and, therefore, they are denied and Plaintiff is left to her proofs.

102.   Denied.   P&P denies these allegations as conclusions of law to which no response is required.   P&P refers all questions of law to the Court. P&P provided Plaintiff with her rights under 15 U.S.C. § 1692g by way of letter dated June 1, 2015.

### E. COUNT 2: NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ. (AS TO CYPRESS, SELIP, CPS, NASSER ATRASH, NEW CENTURY, LVNV/RESURGENT)

103.   P&P repeats and incorporates each and every response made to the allegations in paragraphs 1 through 102 as if set forth at length herein.

104. Denied.   P&P denies these allegations as conclusions of law to which no response is required.   P&P refers all questions of law to the Court.

105. Denied.   P&P denies these allegations as conclusions of law to which no response is required.   P&P refers all questions of law to the Court.

106.   P&P lacks knowledge or information sufficient to form a belief about the allegations of this paragraph which are directed at co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

107.   P&P lacks knowledge or information sufficient to form a belief about the allegations of this paragraph which are directed at co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

108.   P&P lacks knowledge or information sufficient to form a belief about the allegations of this paragraph which are directed at the alleged actions of co-defendants and, therefore, they are denied and Plaintiff is left to her proofs.

**F. COUNT 3: NY JUDICIARY LAW § 487 (AS TO SELIP)**

109. Denied.   P&P denies these allegations as conclusions of law to which no response is required.  P&P refers all questions of law to the Court.

110. P&P lacks knowledge or information sufficient to form a belief about the allegations of this paragraph which are directed at the alleged actions of a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

111. P&P lacks knowledge or information sufficient to form a belief about the allegations of this paragraph which are directed at the alleged actions of a co-defendant and, therefore, they are denied and Plaintiff is left to her proofs.

**G. JURY DEMAND**

112. Denied. *Note that this paragraph in the FAC is improperly designated as paragraph "59".*

**H. PRAYER**

113. Denied.  *Note that this paragraph in the Complaint is improperly designated as paragraph "60".*

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

114. Plaintiff's complaint fails to state a claim upon which relief may be granted.

115. Plaintiff failed to plead sufficient facts to allege that a "debt" as defined by the FDCPA is at issue making the FDCPA inapplicable to Plaintiff's claim.

116.   In the event that Plaintiff is able to adequately plead a violation of the FDCPA, her individual entitlement to statutory damages is capped at $1,000 per action, not per violation. *See Goodmann v. Peoples Bank, et al.*, 209 Fed. Appx. 111 (3d Cir. 2006); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 1100 (S.D.N.Y. 2005); *Donahue v. NFS, Inc.*, 781 F. Supp. 188 (W.D.N.Y. 1991); *Wiener v. Bloomfield*, 901 F. Supp. 771 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61 (E.D.N.Y. 1994).

117.   All allegations one year prior to the filing of Plaintiff's complaint are barred by the FDCPA's one year statute of limitation.  15 U.S.C. § 1692k(d).

118.   To the extent Plaintiff asserts that there was any false, deceptive, or misleading representation by P&P, such representation was not material and had no affect on how Plaintiff chose to respond to the debt.

119.   Any damages allegedly sustained by Plaintiff were the result of actions by third parties, including but not limited to, Capital Process Servers, Inc., and Nasser Atrash, over whom P&P had no dominion or control.

120.   Any damages suffered by Plaintiff, which are expressly denied by P&P, were the result of her failure to mitigate resulting from her own inactions including, but not limited to, failure to serve any party with the order vacating the judgment and her failure to respond to any correspondence sent to her by P&P, including P&P's initial June 1, 2015 communication providing her with her right to dispute the validity of the debt as expressly provided in 15 U.S.C. § 1692g. Her failure to dispute the validity of the debt, furthering the purpose of P&P sending the June 1, 2015 letter to Ms. Maria, none of the alleged damages

would have been suffered. Notably, each letter P&P sent to Plaintiff was to the same address.

121.   Plaintiff's failure to make any offer of settlement since the inception of this matter on November 5, 2016, more than 7 months ago, goes to the unreasonableness of any subsequent request for "reasonable" attorney's fees in costs, in the event she is the prevailing party in this litigation under the FDCPA.

122.   P&P reserves the right to amend its pleading following receipt of discovery if additional defenses are discovered.

## CROSS-CLAIM
## AGAINST CAPITAL PROCESS SERVERS, INC.
## AND NASSER ATRASH

123.   This cross-claim is within the supplemental jurisdiction of the district court under 28 U.S.C. § 1367(a).

124.   Upon information and belief, Capital Process Servers, Inc. is a domestic business corporation organized pursuant to the laws of State of New York with a principal place of business in Westbury, New York.

125.   Upon information and belief, Nasser Atrash is an individual who was utilized by Capital Process Servers, Inc. in the state court action to effectuate service upon Maria Maria a/k/a Maria Acosta.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CAPITAL PROCESS SERVERS, INC.
## AND NASSER ATRASH

126.   If Plaintiff sustained damages as alleged in the Original Complaint and Jury Demand through any fault other than Plaintiff's own, then such

damages were sustained in whole or in part due to the sole fault of Capital Process Servers, Inc. and/or Nasser Atrash; and if Plaintiff should obtain and/or recover judgment against P&P, then the above-named co-defendants shall be liable pursuant to common law to indemnify P&P accordingly.

127.   In view of the foregoing, cross-claiming P&P is entitled to common law indemnification for all or any part of any loss, damage, cost, or expense including, without limitation, judgments, interest, attorney's fees, court costs, and the costs of any appellate proceedings from the above-named co-defendants.

**AS AND FOR A SECOND CROSS-CLAIM
AGAINST CAPITAL PROCESS SERVERS, INC.
AND NASSER ATRASH**

128.   Any injuries or damages sustained by Plaintiff herein as a result of the alleged actions or inactions described in Plaintiff's Original Complaint and Jury Demand were sustained in whole or in part by reason of the negligence and culpable conduct of the co-defendants, Capital Process Servers, Inc. and Nasser Atrash.

129.   If it is determined that the Defendant, P&P, is liable in any degree to the Plaintiff herein, then P&P is entitled to have the liability apportioned between the remaining co-Defendants, Capital Process Servers, Inc. and/or Nasser Atrash.

**WHEREFORE,** Defendant P&P respectfully prays that Plaintiff take nothing in this action and that it be awarded its fees and costs together with all such other and further relief as to which it may be justly entitled or, *in the*

*alternative*, that P&P be granted judgment in its favor and against Capital Process Servers, Inc. and Nasser Atrash as demanded in P&P's cross-claims, together with all such other and further relief as to which it may be justly entitled.

Respectfully submitted,
PRESSLER & PRESSLER, LLP

Dated:  July 12, 2017                    /s/ Michael J. Peters
Michael J. Peters, Esq.
Pressler & Pressler, L.L.P.
7 Entin Road
Parsippany, New Jersey 07054
Telephone: (973) 753-5100
Facsimile:  (973) 753-5353
mpeters@pressler-pressler.com
**Attorneys for Defendant,
Pressler & Pressler, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2017, the undersigned filed the instant Answer of Pressler & Pressler, LLP to the First Amended Complaint with Affirmative Defenses and Cross-Claims against Capital Process Servers, Inc. and Nasser Atrash in the above-captioned matter by filing it electronically with the Court's CM/ECF system.  All attorneys of record will be served via Notice of Docket Activity generated by the Court's electronic filing system. Those attorneys are:

Ahmad Keshavarz (ahmad@newyorkconsumerattorney.com)

Mitchell Selip (Mitchellselip@seliplaw.com)

Kaitlyn Pelosi Long (klong@moodklaw.com)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 12, 2017          /s/ Michael J. Peters
Michael J. Peters, Esq.
Pressler & Pressler, L.L.P.
7 Entin Road
Parsippany, New Jersey 07054
Telephone: (973) 753-5100
Facsimile:  (973) 753-5353
mpeters@pressler-pressler.com
**Attorneys for Defendant,
Pressler & Pressler, LLP**

22