# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

August 7, 2017

VIA ECF
Hon. Vernon S. Broderick
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:    **Plaintiff's response to Defendants' request for a settlement conference. DE 52.**
           *Maria v. Pressler and Pressler LLP, et al.*, **Case No: 1:16-cv-08623-VSB**

Dear Judge Broderick:

      The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and NY General Business Law § 349 case. On July 31, 2017, Defendant Pressler & Pressler, LLP ("Pressler") filed a letter on behalf of all Defendants requesting a settlement conference in this matter. DE 52. At this point, the undersigned believes a settlement conference would not be productive and therefore requests that Defendants' request be denied at this time. However, that view may change after the additional Defendants answer, the *pro se* Defendants decide that they will forward the claims to their carriers, Defendants comply with their existing discovery obligations, and the undersigned has additional conversations with Defendants as to settlement. .

## BACKGROUND

      Plaintiff filed her original complaint on November 5, 2016, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., N.Y. Gen. Bus. Law § 349 *et seq*., and N.Y. Jud. § 487. Defendants are debt collection law firms Pressler and Pressler, LLP ("Pressler") and Selip & Stylianou, LLP, f/k/a Cohen & Slamowitz, LLP ("S&S"); a putative assignee creditor Cypress Financial Recoveries, LLC ("Cypress"); a process serving company Capital Process Servers, Inc. ("CPS"); and an individual process server Nasser Atrash.

      Plaintiff's original complaint alleges that Cypress, through its attorney S&S, filed an action in state court to recover a putative debt alleged to be owed by Plaintiff. In 2013, Cypress, through S&S, obtained a default judgment against Ms. Maria using a false affidavit of service. The affidavit of service was executed by Defendant Atrash on behalf of CPS and caused to be filed by S&S.

      Ms. Maria first learned of the judgment in May, 2015 when she viewed a copy of her credit report. Ms. Maria promptly moved to vacate the judgment by order to show cause

("OSC") on May 20, 2015. As directed by the Court, Ms. Maria provided written notice to Cohen & Slamowitz (now Selip & Stylianou), the attorney of record for Cypress in the collection case. At the hearing on the OSC on June 3, 2015, the Court set the matter down for a traverse hearing. At the traverse hearing on June 10, 2015, the Court ordered the judgment vacated and the action discontinued.

Ms. Maria thought the matter was resolved, but shortly after the judgment was vacated and the case was dismissed, Defendant Pressler began attempting to collect on the vacated judgment. Pressler sent letters and an information subpoena to Ms. Maria, falsely claiming to be collecting on a valid judgment. Pressler's actions caused Ms. Maria to experience severe anxiety and emotional distress.

In the course of discovery, Plaintiff learned that the judgment had been assigned to New Century Financial Services, Inc. ("New Century") in 2015,[1] and to LVNV Funding, LLC ("LVNV") thereafter. Plaintiff therefore filed an amended complaint on June 20, 2017 [DE 44] adding New Century, LVNV, and LVNV's debt collection servicer Resurgent Capital Services, LP ("Resurgent") as additional Defendants. New Century, LVNV, and Resurgent have not yet filed answers to Plaintiff's first amended complaint.

## DISCUSSION

Other than a brief mention during the parties' initial discovery conference in March, 2017, Defendants have *never* indicated that they wanted a settlement conference. The request should therefore be denied out of hand. I would be glad to discuss the issue with Defendants, and indeed, this morning had a lengthy conversation with SS and Cypress regarding settlement and a settlement conference. Without revealing the substance of the settlement discussions, the conversation left the undersigned concluding that a settlement conference would not be productive at this point. However, importantly, the settlement call did suggest to me that SS, which is *pro se*, may forward the claim to its carrier. In that event, a settlement conference may be of some value.

Although all counsel were aware that the undersigned was out of the country during the week of July 31, 2017, Defendants chose to file their request for a settlement conference on July 31, 2017, leaving Plaintiff only one day after arriving back in the U.S. to file a response. More to the point, the undersigned is glad to have further telephone discussions with the other Defendants as to settlement now that I am back in the country, and discuss the issue of a settlement conference.

Defendant raises a discovery issue as to depositions that should be denied out of hand as Defendants have not complied with Your Honor's individual practice rules as to a joint submission. More to the point Defendants have *never* raised a concern regarding depositions before filing the letter seeking Court intervention. In fact, the undersigned first sent an email on May 12 asking for dates for depositions, and identifying some of the main topics for the depositions. Defendants never raised a concern, and indeed never responded. With the discovery close period approaching, and anticipating the possible need of sending follow up discovery depending on the deposition testimony, on July 26 the undersigned sent an email raising these issues, again asking for deposition dates, and proposing dates certain. Defendants never raised a concern and, indeed, against did not respond to the email. Therefore, Plaintiff sent out formal

---

[1] Defendants dispute the date that the judgment was assigned to New Century.

deposition notices. Again, Defendants never raised a concern about depositions prior to filing a letter seeking to quash deposition notices. If Defendants object to the deposition notices, they should confer with Plaintiff to file a joint letter with the Court, as per Your Honor's Individual Rules. Plaintiff notes that Defendants Selip and Cypress have already moved for a stay of discovery, and that request was denied on June 14, 2017. DE 42.

Plaintiff has been conferring with Defendants on multiple occasions regarding what Plaintiff sees are discovery answer deficiencies, and continues to confer to resolve those disputes without the necessity of Court intervention.

Defendants also raised another discovery issue without conferring with the undersigned: extending the discovery deadline. Plaintiff does not necessarily object to an extension of the discovery deadline, but intends to carry on with the depositions.

In their letter, Defendants improperly seek an extension of the discovery deadline and a stay of discovery, pending the completion of a settlement conference. Plaintiff has noticed depositions to take place during the week of August 14, 2017.[2] Defendants have ***never*** raised a concern regarding depositions prior to filing their letter request.

## CONCLUSION

Plaintiff does not believe that a settlement conference would be fruitful at this time, and therefore opposes Defendants' joint request for a settlement conference. DE 52. Plaintiff does not oppose Defendants' request for an extension of the discovery deadline, but opposes Defendants' request for a discovery stay, as that matter has already been litigated by Defendants Selip and Cypress. *See* DE 42. To the extent that Defendants' letter improperly seeks to quash the depositions currently scheduled for the week of August 14, 2017, Plaintiff requests that that request be denied until if and when the Defendants comply with Your Honor's individual practice rules.

Sincerely,

/s/

Ahmad Keshavarz

cc: all counsel of record (via ECF)

---

[2] Since May, 2017, Plaintiff has been requesting that Defendants provide proposed dates for the depositions. These requests have gone unanswered.